IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**WELLS FARGO FINANCIAL LEASING, INC,**                                          **PLAINTIFF**

V.                                       5:10CV00124-WRW

**STILLWATER FARMS, a/k/a**
**STILLWATER FARMS PARTNERSHIP, and**                                            **DEFENDANTS**
**ROGERS CHILDRESS**

ORDER AND JUDGMENT

Pending is Plaintiff's request for damages pursuant to default judgment (Doc. No 8).

On August 18, 2010, I granted default judgment on liability against each Defendant on all claims asserted by Plaintiff.[1] Plaintiff submitted a brief on the issues of damages.[2] The Defendants did not respond by the September 16, 2010 deadline and have not appeared in the case.[3]

**I.      BACKGROUND**

Plaintiff sued Defendants for breach of contract on April 26, 2010.[4] Defendants failed to make payment for several installment sale contracts with Plaintiff.[5] Plaintiff's contracts with Defendants provided for acceleration of balances owed when a breach occurred and late fees.[6]

---

[1]Doc. No. 8.

[2]Doc. No. 10.

[3]Doc. No. 8.

[4]Doc. No. 1.

[5]*Id.*

[6]Doc. No. 10-1.

1

Defendant Roger Childress personally guaranteed the contracts for Stillwater Farms. The contracts provided for late fees, and attorney's fees.[7] The contracts and amounts are:[8]

1. February 2007 Installment Sale Contract with Stillwater Farms for $14,642.29;

2. May 2007 Installment Sale Contract with Stillwater Farms for $2,410.32;

3. September 2007 Installment Sale Contract with Stillwater Farms for $6,199.66;

4. November 2007 Installment Sale Contract with Stillwater Farms for $37,195.19;

5. April 2008 Installment Sale Contract with Stillwater Farms for $13,907.93;

6. July 2008 Installment Sale Contract with Stillwater Farms for $17,267.45;

7. October 2006 Installment Sale Contract with Roger Childress for $14,642.29.

## II. DISCUSSION

Plaintiff requests damages for breach of contract, late fees, attorney's fees, and interest. If a court determines that default judgment should be entered, it will determine the amount and character of the damages that should be awarded.[9] If the damages are for an amount that is readily ascertainable it can be awarded without a hearing.[10] If a defendant is in default for failing to appear, the clerk may enter judgment against a defendant without any judicial hearing.[11] The remedy for breach of contract includes all damages that would place the injured party in the same position as if the contract had not been breached.[12] "Damages need not be proved with mathematical certainty, but the evidence must be sufficient to enable the trier of fact . . . to

---

[7]*Id.*

[8]*Id.* The amounts listed include late fees.

[9]*Kleier Advertising, Inc. v. John Deery Motors, Inc.*, 834 F. Supp. 311 (N.D. Iowa 1993).

[10]*Id.*

[11]*Taylor v. City of Ballwin, Missouri,* 859 F.2d 1330 (8th Cir. 1988).

[12]*Mann v. Weyerhaeuser, Co.*, 703 F. 2d 272, 276 (8th Cir. 1983).

estimate with a reasonable degree of certainty and exactness the actual damages."[13] Prejudgment interest is proper when it is immediately ascertainable and reasonably certain at the time of the loss.[14] The rule in Arkansas and most jurisdictions is that a court may enforce payment of attorney fees stipulated in a contract.[15]

Plaintiff claims $91,622.84 in damages on the six installment sale contracts with Stillwater Farms; $14,641.29 on the installment sale contract with Childress; and $13,660.74 in attorney's fees, for a total of $119,925.87 excluding interest.[16] The damages were attested to in an affidavit by Michael Smith, a loan adjuster for Wells Fargo.[17] The damages in the installment sale contracts are for amounts that are readily ascertainable and reasonably certain. If the contract had not been breached, Plaintiff would have been paid the amounts owed to it under the installment sale contracts. A damage award of $106,265.13 would put Plaintiff in the position it would be in if the contract had not been breached.

Attorney's fees were stipulated in the contracts and should also be awarded. The affidavit of Baker Donelson shareholder Bradley Trammell states that $13,760.14 in attorney's fees have been incurred to date.[18] A total of 56.4 hours have been billed to Wells Fargo in this case.[19] A

---

[13]*Id.* at 276 (quoting *Shotkoski v. Standard Chemical Manufacturing Co.*, 237 N.W.2d 92, 97 (Neb. 1975)).

[14]*TB of Blytheville, Inc. v. Little Rock Sign & Emblem Inc.*, 328 Ark. 688, 697-98 (1997).

[15]*C.R. Anthony Co. v. Wal-Mart Properties, Inc.*, 54 F.3d 514, 521 (8th Cir. 1995) (citing *Griffin v. First Natl. Bank of Crossett*, 318 Ark. 848, 856 (1994)).

[16]Doc. No. 10-1.

[17]*Id.*

[18]Doc. No. 15-1.

[19]*Id.*

number of attorneys and paralegals from Baker Donelson have worked on this case.[20] Hourly rates vary from $135 for paralegal time, to $230 for associate time, and $340 for shareholder attorney time.[21] Defendants have not appeared in this case and made no arguments that the amount of attorneys fees are unreasonable. Defendants had notice of Plaintiff's damages claims including attorneys fees and failed to defend. Attorney's fees of $13,760.14 with interest are granted.

## CONCLUSION

Based on the findings of fact and conclusions of law above, I find that the Plaintiff is entitled to $119,925.87 with interest for breach of the seven installment sale contracts, late fees, and attorney's fees.

IT IS SO ORDERED AND ADJUDGED this 6th day of October 2010.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[20]*Id.*

[21]*Id.*